# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DISTRICT

REINA SOBERS,

    Plaintiff,

v.

ASCENSION PROVIDENCE HOSPITAL,

    Defendant.

Case No:

Hon.

---

SCOTT P. BATEY (P54711)
Batey Law Firm, PLLC
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI  48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

---

## COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, Reina Sobers (hereinafter "Plaintiff"), by and through her attorneys Scott P. Batey and the Batey Law Firm, PLLC, and for her Complaint against Defendant states as follows:

1. Plaintiff, Reina Sobers, is a resident of the City of Eastpointe, a County of Macomb in the State of Michigan.

2. Plaintiff is a woman with a disability who became pregnant shortly after being hired by Ascension Providence Academic Internal Medicine.

3. Defendant, Ascension Providence Hospital (hereinafter "Defendant") is a domestic non-profit corporation authorized to do business in the County of Oakland, State of Michigan whose resident address is 16001 West Nine Mile Rd, Southfield, MI 48075 and whose resident agent is Brant Russell.

4. Defendant is duly authorized to do business in the County of Oakland, and in the State of Michigan.

5. Jurisdiction and venue are proper in the District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391 (b) & (c).

6. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and jurisdiction and venue are otherwise proper in this Court.

7. The Plaintiff brings this action for damages arising out of the acts and/or omissions of Defendant constituting unlawful discrimination and/or harassment due to Plaintiff's disability, in violation of the American with Disabilities Act of 1990 ("ADA") and the Michigan Persons with Disabilities Act, MCLA §37.1101, *et seq.*, and due to Plaintiff's sex in violation of the Pregnancy Discrimination Act of 1978 and Title VII, all of which resulted in emotional, physical, and economic damages to Plaintiff.

## GENERAL ALLEGATIONS

8. Plaintiff incorporates by reference paragraphs 1 through 7 of the Complaint as though fully set forth herein.

9. Plaintiff began her employment with Defendant on or about March 1, 2021, and worked for Defendant as a Front Desk Clerk.

10. At the beginning of the Plaintiff's employment, she informed the Defendant that she had disabilities, including, but not limited to, traumatic brain injury which substantially interfered with major life activities like thinking, communicating, and caused episodic syncope, migraines, and increased fluid around the brain.

11. Plaintiff's symptoms from the brain injury increased if she did not attend regular doctor visits to ensure her condition did not worsen.

12. During the time period in question, Plaintiff became pregnant in August 2021, which renders her even more susceptible to complications with her documented disability and placed her at greater risk for pregnancy complications.

13. Plaintiff requested time off from her manager to visit her doctor for treatment in order to avoid being hospitalized for her pregnancy and/or disability.

14. Plaintiff provided documentation of her doctor visits to the Defendant and repeatedly requested the time she needed off to attend the doctor visits in advance, which is a reasonable accommodation.

15. Defendant knew of Plaintiff's existing disability and pregnancy and still denied Plaintiff's reasonable request for time to visit her doctor with the stated reason that the Plaintiff did not qualify for paid time off.

16. Plaintiff explicitly requested an accommodation and Defendant responded that she had not been there long enough to receive any accommodations.

17. During the time period in question and consistently following Plaintiff's doctor or hospital visits, Defendant harassed Plaintiff about the dress code and requested Plaintiff to wear "sheer" shirts.

18. Plaintiff has noted that no one else in the office wore sheer shirts and that she was only addressed about her work attire directly following her hospital visits.

19. Plaintiff was directed by Defendant to move seat to seat frequently after she notified Defendant of her pregnancy and reminded Defendant of her disability.

20. Plaintiff's constant movement while at work, at the direction of the Defendant, caused dizziness, anxiety, and severe illness.

21. Plaintiff was treated at Michigan Medicine throughout the months of October and November in 2021.

22. During Plaintiff's visits to Michigan Medicine in October and November of 2021, she was treated for, including, but not limited to, nausea, acute headache, vomiting, vaginal bleeding, urinary tract infection, anemia, and elevated blood pressure.

23. On or about December 3, 2021, a few days after a hospital visit and the morning after an HR meeting about her dress code, Plaintiff experienced vaginal blood spotting.

24. In response, Plaintiff sought out shift manager and explained she needed to go to the hospital. Manager denied request to leave unless the Plaintiff received permission from occupational health department.

25. Plaintiff attempted to seek assistance from occupational health department but the parking lot was full and she was unsure what to do because she was still bleeding. Plaintiff was hesitant about going to the hospital because she was afraid of the repercussions from Defendant at her job.

26. Plaintiff went to the University of Michigan Hospital after direction from her doctor.

27. While Plaintiff was in the hospital on or about December 3, 2021, her Manager texted her stating that Plaintiff needed to contact her immediately upon her release from the hospital.

28. Plaintiff had her mother respond over text about Plaintiff's current condition and Plaintiff's manager texted back and requested the Plaintiff to call her.

29. Plaintiff had a miscarriage on or about December 3, 2021, following the text conversation with her manager and began maternity leave the same day.

5

30. In February 2022, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission.

31. On May 24, 2023 the Equal Employment Opportunity Commission issues a Right to Sue letter.

## COUNT I
## VIOLATIONS OF THE
## AMERICANS WITH DISABILITIES ACT OF 1990

32. Plaintiff incorporates by reference paragraphs 1 through 31 of the Complaint as though fully set fourth herein.

33. At all times relevant, Plaintiff suffered from a brain injury, a disability under the ADA, which substantially interfered with Plaintiff's major life activities if not properly monitored.

34. Plaintiff suffered from this disability and Defendant was aware of the disability at time of Plaintiff's employment and Defendant was reminded of disability by Plaintiff multiple times.

35. Defendant perceived and regarded Plaintiff as person with disabilities which substantially limited and interfered with her ability to work without reasonable accommodations of having regular doctor visits to ensure her condition and symptoms did not worsen.

36. Plaintiff was able to perform all of the essential functions of her job with or without reasonable accommodations.

37. Plaintiff explicitly requested accommodations in the form of time to visit the doctor for her disability and requested the time in advance of appointments.

38. Defendant denied reasonable accommodation request stating that Plaintiff did not qualify for the additional time off because she had not been with Defendant long enough for that perceived benefit.

39. At no time did Plaintiff request leave under the FMLA, but leave under the ADA and PWDCRA.

40. Defendant retaliated against Plaintiff when she had doctor appointments or emergency hospital visits by holding a disciplinary HR meeting about her work attire. Plaintiff's attire had never been put at issue prior to the doctor and hospital visits and no one else at the office was requested to wear "sheer" shirts.

41. Pursuant to the ADA, the Plaintiff is guaranteed the right to be free from discriminatory treatment and/or discharge from her employment by her employer and/or supervisors based upon her disability.

42. Plaintiff's disability was a factor in Defendant's employment decisions.

43. Defendant is an employer within the meaning of the ADA.

44. Plaintiff has been subjected to discriminatory and retaliatory treatment based on her disability, her perceived or regarded disability, and her request for

accommodations, by Defendant, its employees and agents to the point where her status as an employee has been detrimentally affected.

45. Plaintiff is entitled to exemplary, compensatory and punitive damages pursuant to ADA as a result of each and every violation of the act, including costs and reasonable attorney's fees.

46. Defendant and its agents, employees and representatives, breached and violated their duty to Plaintiff by reason of the following acts and/or omissions:

   a. Violating the laws against discrimination by failing to provide Plaintiff with a reasonable accommodation for her disability; and

   b. Failing to screen and place in supervisory positions, persons who would be capable of being competent and law-abiding supervisors, and with particular reference to enforcing laws against discrimination in the workplace; and

   c. Failing to properly educate and train its employees and supervisors, particularly with reference to the unlawfulness of discrimination in the workplace; and

   d. Failing to properly warn or advise its employees and supervising personnel to refrain from discriminating against employees.

47. Plaintiff's reasonable accommodation request would not have caused Defendant significant difficulty or expense to allow accommodations.

48. As a direct and proximate result of the actions of Defendant, Plaintiff was the subject of discriminatory conduct on the part of Defendant, and its agents and employees.

49. Because of the unlawful conduct of Defendant, and its agents and

employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including mental anguish an anxiety, embarrassment, emotional distress, loss of earnings and other employment benefits, and physical strain amounting to a miscarriage.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, plus punitive/exemplary damages, together with costs, interest, attorney's fees and any other relief this Honorable Court deems appropriate.

## COUNT II
## VIOLATIONS OF THE MICHIGAN PERSONS WITH DISABILITIES ACT, MCLA §37.1101, *ET SEQ.*

50. Plaintiff incorporates by referenced Paragraphs 1 through 49 above as though more fully set forth herein.

51. Plaintiff suffers from a brain injury, which is a disability under the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, *et seq.* ("PWDCRA").

52. Pursuant to the PWDCRA, Plaintiff is guaranteed the right to be free from discriminatory treatment and/or discharge from her employment by her employer and/or supervisors based upon her disability.

53. Plaintiff's disability was a factor in Defendant's employment decision, including, but not limited to, refusing to accommodate her reasonable request.

54. Defendant is an employer within the meaning of the PWDCRA.

55. Plaintiff has been subjected to discriminatory treatment based upon her disability by Defendant, its employees and agents to the point where her status as an employee has been detrimentally affected and she was refused reasonable accommodations.

56. Plaintiff is entitled to exemplary/punitive and compensatory damages pursuant to the PWDCRA as a result of each and every violation of the act, including costs and reasonable attorney's fees.

57. Defendant and its agents, employees and representatives violated the PWDCRA by reason of the following acts and/or omissions:

   a. Violating the laws against discrimination by refusing to accommodate Plaintiff;
   b. Preventing Plaintiff from having full and fair opportunities to her employment based upon her disability.

58. Defendant owed Plaintiff, as a disabled employee, a duty to adequately advise their employees to refrain from discriminating against employees.

59. As a direct and proximate result of Defendant's discrimination of Plaintiff solely on the basis that she had a disability or was perceived by Defendant to be a person with a disability Plaintiff has stained injuries, including, but not limited to:

   a. Economic damages;
   b. Physical damages;

      c. Mental anguish;

      d. Anxiety;

      e. Emotional distress; and

      f. Loss of self-esteem.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest and attorney's fees and any other relief this Honorable Court deems appropriate.

## COUNT III
## PREGNANCY DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED BY THE PREGNANCY DISCRIMINATION ACT OF 1978

60. Plaintiff incorporates by reference Paragraphs 1 through 59 above as though more fully set forth herein.

61. Pursuant to Title VII of Civil Rights Act of 1964, Plaintiff is guaranteed the right to be free from discriminatory treatment and harassment from their employer and/or supervisors based upon her sex/pregnancy.

62. Pursuant to Title VII, Plaintiff must show she is a member of a protected class.

63. Pregnancy and child birth is a characteristic of Plaintiff's sex and/or gender as a female, and included in Plaintiff's protection from sex discrimination and/or harassment under the Title VII of the Civil Rights Act of 1964, as

11

Amended by the Pregnancy Discrimination Act of 1978.

64. Defendant took adverse employment actions against Plaintiff as a result of Plaintiff's sex, and as a woman who had recently become pregnant by not allowing her to attend doctor appointments that were requested in advance.

65. Defendant created a hostile work environment for plaintiff by having HR meetings to intimidate Plaintiff directly following doctor or hospital visits.

66. Defendant is an employer within Title VII.

67. Plaintiff has been subjected to repeated and continuous harassment and discriminatory treatment based upon her sex and pregnancy by Defendant, its employees and agents to the point where her status as an employee has been detrimentally affected and she suffered a miscarriage.

68. Plaintiff is entitled to exemplary, punitive and compensatory damages pursuant to the Title VII as a result of each and every violation of the act, including costs and reasonable attorney's fees.

69. Defendant and its agents, employees and representatives, breached and violated their duty to Plaintiff by reason of the following acts and/or omissions:

    a. Failing to prevent or stop harassment on the basis of Plaintiff's sex and pregnancy creating a hostile work environment; and

    b. Taking adverse employment action against Plaintiff due to her sex and pregnancy.

70. As a direct and proximate result of the actions of the Defendant,

Plaintiff was the subject of discriminatory conduct on the part of Defendant.

71. Because of the unlawful conduct of Defendant and its agents and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages, including embarrassment, mental anguish and anxiety, emotional distress, physical damage from miscarriage, loss of self-esteem, and loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT IV
## SEX/GENDER HARASSMENT IN VIOLATION OF TITLE VII AND THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCLA §37.2101, et seq.

72. Plaintiff incorporates by reference paragraphs 1 through 71 of the Complaint as though fully set forth herein.

73. Plaintiff belongs to a protected class as a woman.

74. Pursuant to the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.210, *et seq.* (ELCRA), Plaintiff is guaranteed the right to be free from discriminatory treatment and harassment from her employer and/or supervisors based on sex.

75. Defendant was Plaintiff's employer within the meaning of the ELCRA.

76. During Plaintiff's employment with Defendant she became pregnant, Plaintiff's pregnancy and sex was a factor in Defendant's decisions, actions, treatment, conduct and attitude towards Plaintiff.

77. The ongoing and continuing unwelcome conduct was intended to and did substantially interfere with Plaintiff's employment and/or created an intimidating, hostile, or offensive work environment for Plaintiff.

78. Plaintiff was subjected to repeat and continuous discriminatory treatment based upon her pregnancy and sex by Defendant, to the point where her status as an employee has been detrimentally affected by Defendant and/or Plaintiff has been subjected to work in a hostile work environment.

79. Defendant took adverse employment actions against Plaintiff, including termination, due to her pregnancy and sex.

80. Defendant did not take adverse employment action against other males that were similarly situated employees.

81. Defendant created an offensive and hostile work environment against Plaintiff as a direct result of Plaintiff's pregnancy and sex by reason of the following acts and/or omissions:

    a. Violating the laws against discrimination by engaging in pregnancy/sex discrimination in the workplace;

    b. Subjecting Plaintiff to discipline for actions and incidents for which similarly situated male employees, who engaged in similar or more egregious conduct, were not subject to discipline;

    c. Subjecting Plaintiff to offensive language and comments based upon her pregnancy/sex;

    d. Taking adverse employment actions against Plaintiff based upon her pregnancy/sex;

    e. Creating a hostile work environment for Plaintiff by discriminating against her, harassing her, and retaliating against her due to her pregnancy/sex.

82. Defendant owed Plaintiff a duty to refrain from discriminating against her, harassing her and/or treating her differently as a direct result of her sex/pregnancy.

83. Defendant breached and violated their duties owed to Plaintiff, by reason of the following acts and/or omissions:

    a. Failing to screen and place in supervisory positions, persons who would be capable of being competent and law-abiding supervisors, and with particular reference to enforcing laws against discrimination in the workplace;

    b. Giving supervisory authority to persons who were known to have propensities as would make them unfit to serve in the capacity of supervisor over employees;

    c. Failing to properly educate and train its employees and supervisors, particularly with reference to the unlawfulness of discrimination in the workplace; and

    d. Failing to properly warn or advise its employees and supervising personnel to refrain from discriminating against employees.

84. As a direct and proximate result of the actions of Defendant, Plaintiff was the subject of discriminatory conduct on the part of Defendant.

85. Because of the unlawful conduct of Defendant, its agents, representatives and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate and just.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/ Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

Dated: August 18, 2023

# DEMAND FOR JURY TRIAL

NOW COMES, Plaintiff, Reina Sobers, by and through her attorneys, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issues allowed by law.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/ Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800
sbatey@bateylaw.com

Dated: August 18, 2023